REGAN, Judge.
Plaintiff, Morris Joyce, a common laborer, instituted this suit against the defendant, Travelers Insurance Company, the insurer of his employer the Boh Brothers *108 Construction Company, endeavoring to recover workmen’s compensation at the rate of $35 per week for a period of four hundred weeks, subject to a credit of twelve weeks, for total and permanent disability resulting from the effect of an operation for inguinal hernia, which was incurred during the course of his employment on March 19, 1956.
Defendant answered, tacitly admitting the occurrence of the accident, but denied that plaintiff was totally and permanently disabled as a result thereof inasmuch as his pre-existing hernia had been successfully repaired, and he is therefore no longer disabled.
From a judgment in favor of defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that on March 19, 1956, plaintiff, an employee of Boh Brothers Construction Company, suffered an inguinal hernia in the course of prying up large timbers with a crowbar, which had been used to form a roadway at a construction job. Approximately five weeks later plaintiff submitted to an operation, which was successfully performed by Dr. Richard A. Faust.[1] Fie was hospitalized for nine days thereafter, and on July 29, 1956, he was discharged by Dr. Faust as well and able to resume his occupation as a common laborer. Plaintiff then complained to Dr. Faust of pain in the area of the incision, which he insisted was of sufficient severity to prevent him from performing any type of strenuous physical labor. The defendant refused to provide additional medication, and plaintiff then sought treatment from his family physician, Dr. Frederick Rhodes, who testified that he was still administering to him as of the date of the trial.
The only question which was posed for the trial court’s determination and which is again posed for our consideration is one' of fact and that is whether plaintiff is totally and permanently disabled in consequence of the effect of the operation which was performed as a result of the injury incurred on the aforementioned date.
The focal point of the dispute between the respective litigants emanates from plaintiff’s insistence that although the corrective operation for hernia was successful, the scar remained painful and permanently disabling.
The medical testimony adduced on behalf of the defendants through the medium of Drs. Richard A. Faust and J. Kelly Stone, both surgeons, and from an expert appointed by and to assist the Court, Dr. Winthrop R. Page, a neurological surgeon, preponderates to the effect that the plaintiff may, if he chooses, resume his occupation as a common laborer.
Dr. Frederick Rhodes, plaintiff’s own physician, a general practitioner, and Dr. D. S. Condie, a surgeon, were the two experts who, after agreeing that the operation was successful and that the hernia has not recurred, expressed an adverse opinion with respect to plaintiff’s ability to resume his occupation because of pain in the vicinity of' the incision; however, Dr. Rhodes qualified his testimony on cross-examination by asserting “I didn’t say definitely that 'I found anything that would justify his complaints”, and Dr. Condie likewise modified his testimony by admittig that he was not aware of the fact that plainiff' was suffering from syphilis, which could cause pain in the region of the incision.
In addition to the medical experts produced on behalf of the plaintiff, he also offered the lay testimony of his sister and three friends, who more or less laboriously endeavored to substantiate plaintiff’s present alleged disability.
In the last analysis, we are in full accord with the observations of the trial judge with respect to his evaluation of both the medical and lay testimony, who during the *109 course of his written reasons for judgment remarked:
“The court realizes there was the usual * * * lay testimony given by some of the plaintiff’s relatives and. others, but the Court finds that the great weight of the testimony of the medical experts in this record would not bear out the plaintiff’s complaint.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. The defendant's physician.